**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SIMON ANDRES ACEVEDO-RAMIREZ, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 11-73897 <br><br> Agency No. A200-952-711 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 18, 2014[**]

Before:    ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

Simon Andres Acevedo-Ramirez, a native and citizen of Colombia, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his application for

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, and review de novo due process claims. *See Zetino v. Holder*, 622 F.3d 1007, 1011-12 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's determination that Acevedo-Ramirez failed to establish past mistreatment or a fear of future mistreatment in Colombia on account of a protected ground. *See Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) ("[t]he Real ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"); *Zetino*, 622 F.3d at 1016 ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). Consequently, his withholding of removal claim fails.

The BIA found Acevedo-Ramirez did not contest the IJ's finding that his asylum application was untimely and that no exception to the one-year filing deadline applied. Acevedo-Ramirez does not challenge the BIA's finding. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996). Even if his asylum application were timely, Acevedo-Martinez's asylum claim would fail. *See* 8 U.S.C. § 1158(b)(1)(B)(i).

Acevedo-Martinez does not raise any substantive challenge to the denial of his CAT claim. *See Martinez-Serrano*, 94 F.3d at 1259 ("[i]ssues raised in a brief that are not supported by argument are deemed abandoned").

We reject Acevedo-Martinez's due process contentions regarding the IJ's treatment of his claim. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim).

Finally, we reject Acevedo-Martinez's request for a remand.

**PETITION FOR REVIEW DENIED.**